**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the Untied States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a)  PLAINTIFFS

JAMES A. ROCKS, JR and JUDITH ROCKS

## DEFENDANTS

HONEYWELL INTERNATIONAL, F/K/A ALLIED SIGNAL, INC., Successor in interest to Bendix Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
**(EXCEPT IN U.S. PLAINTIFF CASES)**
GLOUSTER COUNTY, NJ

COUNTY OF RESIDENCE OF FIRST LISTED  DEFENDANT MORRIS COUNTY, NJ
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Peter G. Angelos, Esaquire
Law Offices of Peter G. Angelos, P.C.
Wanamaker Building
100 Penn Square East
Suite 1000, Tenth Floor
Philadelphia, PA 19107
215-963-9333

ATTORNEYS (IF KNOWN)
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

(215) 575-4200

## II.  BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

9 1  U.S. Government Plaintiff

X 3  Federal Question (U.S. Government Not a Party)

9 2  U.S. Government Defendant

9 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX

(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 9 1 | 9 1 | Incorporated or Principal Place of Business in this State | 9 4 | 9 4 |
| Citizen of Another State | 9 2 | 9 2 | Incorporated and Principal Place of Business in Another State | 9 5 | 9 5 |
| Citizen or Subject of a Foreign Country | 9 3 | 9 3 | Foreign Nation | 9 6 | 9 6 |

## IV.  ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

9 1  Original Proceeding

X 2  Removed from State Court

9 3  Remanded from Appellate Court

9 4  Reinstated or Reopened

9 5  Transferred from another district (specify)

9 6  Multidistrict Litigation

9 7  Appeal to District Judge from Magistrate Judgment

## V.  NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**

9 110  Insurance
9 120  Marine
9 130  Miller Act
9 140  Negotiable Instrument
9 150  Recovery of Overpayment & Enforcement of Judgment
9 151  Medicare Act
9 152  Recovery of Defaulted Student Loans (Excl. Veterans)
9 153  Recovery of Overpayment of Veteran's Benefits
9 160  Stockholders' Suits
9 190  Other Contract
9 195  Contract Product Liability

**REAL PROPERTY**

9 210  Land Condemnation
9 220  Foreclosure
9 230  Rent Lease & Ejectment

**TORTS**

PERSONAL INJURY
9 310  Airplane
9 315  Airplane Product Liability
9 320  Assault, Libel & Slander
9 330  Federal Employers' Liability
9 340  Marine
9 345  Marine Product Liability
9 350  Motor Vehicle
9 355  Motor Vehicle Product Liability
9 360  Other Personal Injury

**CIVIL RIGHTS**

9 441  Voting
9 442  Employment
9 443  Housing/

PERSONAL INJURY
9 362  Personal Injury-- Med Malpractice
9 365  Personal Injury-- Product Liability
9 368  Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
9 370  Other Fraud
9 371  Truth in Lending
9 380  Other Personal Property Damage
9 385  Property Damage Product Liability

**PRISONER PETITIONS**

9 510  Motions to Vacate Sentence
9 530  Habeas Corpus

**FORFEITURE/PENALTY**

9 610  Agriculture
9 620  Other Food&Drug
9 625  Drug Related Seizure of Property 21, USC 881
9 630  Liquor Laws
9 640  R.R. & Truck
9 650  Airline Regs
9 660  Occupational Safety/Health
9 690  Other

**LABOR**

9 710  Fair Labor Standards Act
9 720  Labor/Mgmt. Relations
9 730  Labor/Mgmt. Reporting & Disclosure Act
9 740  Railway Labor Act

**BANKRUPTCY**

9 422  Appeal 28 USC 158
9 423  Withdrawal 28 USC 157

**PROPERTY RIGHTS**

9 820  Copyrights
9 830  Patent
9 840  Trademark

**SOCIAL SECURITY**

9 861  HIA (1395ff)
9 862  Black Lung (923)
9 863  DIWC/DIWW (405(g))
9 864  SSID Title XVI
9 865  RIS (405(g))

**FEDERAL TAX SUITS**

9 870  Taxes (U.S. Plaintiff or Defendant)
9 871  IRS - Third Party

**OTHER STATUTES**

9 400  State Reapportionment
9 410  Antitrust
9 430  Banks and Banking
9 450  Commerce/ICC Rates/etc.
9 460  Deportation
9 470  Racketeer Influenced and Corrupt Organizations
9 810  Selective Service
9 850  Securities/Commodities/ Exchange
9 875  Customer Challenge 12 USC 3410
9 891  Agricultural Acts
9 892  Economic Stabilization Act
9 893  Environmental Matters
9 894  Energy Allocation Act
9 895  Freedom of Information Act
9 900  Appeal of Fee Determination Under Equal Access to Justice

0668756.01

| | | | | | |
|---|---|---|---|---|---|
| 9 240 | Torts to Land | 9 442 | Employment | 9 530 | Mandamus & Other | 9 710 | Fair Labor Standards | 26 USC 7609 | | 9 950 | Constitutionality of State Statutes |
| 9 245 | Tort Product Liability | 9 444 | Welfare | 9 550 | Civil Rights | | Litigation | | | |
| 9 290 | All Other Real Property | 9 440 | Other Civil Rights | | | 9 791 | Empl. Ret. Inc. Security Act | | X 890 | Other Statutory Actions |

**VI.    CAUSE OF ACTION**    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY.)

28 USC §1452(A) §1334(B) and Federal Bankruptcy Rule 9027

**VII.    REQUESTED IN**          CHECK IF THIS IS A **CLASS ACTION**          **DEMAND $**    Check YES only if demanded in complaint:
**COMPLAINT:**          9   UNDER F.R.C.P. 23                                **JURY DEMAND:**   9 YES   9 NO

**VIII.   RELATED CASE(S) IF ANY**    (See Instructions):    JUDGE   N/A          DOCKET NUMBER          N/A

DATE                    SIGNATURE OF ATTORNEY OF RECORD

*FOR OFFICE USE ONLY*
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE _____ MAG. JUDGE _____

0668756.01

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:   James and Judith Rocks, 14 Deer Court, Turnersville, NJ 08012

Address of Defendant:   Honeywell International, f/k/a Allied Signal, Inc., Columbia Road and Park Avenue, Morristown, New Jersey 07962

Place of Accident, Incident or Transaction:   Asbestos Exposure in Pennsylvania and elsewhere
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?                    Yes **X**            No **G**

*RELATED CASE IF ANY*

Case Number:   N/A _____ Judge   N/A _____ Date Terminated:   N/A _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?        1.        Yes **G** No **G**

2. Does this case involve the same issues of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?        3.        Yes **G** No **G**

4. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this Court?        5.        Yes **G** No **G**

CIVIL: (Place ✓ in *ONE CATEGORY ONLY*)

| A. *Federal Question Cases:* | | B. *Diversity Jurisdiction Cases:* | |
|---|---|---|---|
| 1. **G** | Indemnity Contract, Marine Contract, and All Other Contracts | 1. **G** | Insurance Contract and Other Contracts |
| 2. **G** | FELA | 2. **G** | Airplane Personal Injury |
| 3. **G** | Jones Act—Personal Injury | 3. **G** | Assault, Defamation |
| 4. **G** | Antitrust | 4. **G** | Marine Personal Injury |
| 5. **G** | Patent | 5. **G** | Motor Vehicle Personal Injury |
| 6. **G** | Labor-Management Relations | 6. **G** | Other Personal Injury (Please specify) |
| 7. **G** | Civil Rights | 7. **G** | Products Liability |
| 8. **G** | Habeas Corpus | 8. **G** | Products Liability—Asbestos |
| 9. **G** | Securities Act(s) Cases | 9. **G** | All Other Diversity Cases  (Please specify) |
| 10. **G** | Social Security Review Cases | | |
| 11. **X** | All other Federal Question Cases (please specify) 28 USC §1452, 1334(b); Bankruptcy Rule 9027(a)(3) | | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,  Peter J. Neeson, Esquire , counsel of record do hereby certify:

**X**    Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

**G**    Relief other than monetary damages is sought.

DATE: _____    Peter J. Neeson, Esquire _____    27601 _____
                                          **Attorney-at-Law**                                    Attorney I.D. #
              **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    27601 _____
                                          **Attorney-at-Law**                                    **Attorney I.D. #**

CIV. 609(9/99)

0668756.01

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:   James and Judith Rocks, 14 Deer Court, Turnersville, NJ 08012

Address of Defendant:   Honeywell International, f/k/a Allied Signal, Inc., Columbia Road and Park Avenue, Morristown, New Jersey 07962

Place of Accident, Incident or Transaction:   Asbestos Exposure in Pennsylvania and elsewhere
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?          Yes **X**   No **G**

*RELATED CASE IF ANY*

Case Number:   N/A          Judge   N/A          Date Terminated:   N/A

Civil cases are deemed related when yes is answered to any of the following questions:

6.Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          1.          Yes **G** No **G**

2.Does this case involve the same issues of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          3.          Yes **G** No **G**

4.Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this Court?          5.          Yes **G** No **G**

CIVIL: (Place : in *ONE CATEGORY ONLY*)

A.  *Federal Question Cases:*
1.  **G**  Indemnity Contract, Marine Contract, and All Other Contracts
2.  **G**  FELA
3.  **G**  Jones Act—Personal Injury
4.  **G**  Antitrust
5.  **G**  Patent
6.  **G**  Labor-Management Relations
7.  **G**  Civil Rights
8.  **G**  Habeas Corpus
9.  **G**  Securities Act(s) Cases
10. **G**  Social Security Review Cases
11. **X**  All other Federal Question Cases (please specify) 28 USC §1452, 1334(b); Bankruptcy Rule 9027(a)(3)

B.  *Diversity Jurisdiction Cases:*
1.  **G**  Insurance Contract and Other Contracts
2.  **G**  Airplane Personal Injury
3.  **G**  Assault, Defamation
4.  **G**  Marine Personal Injury
5.  **G**  Motor Vehicle Personal Injury
6.  **G**  Other Personal Injury (Please specify)
7.  **G**  Products Liability
8.  **G**  Products Liability—Asbestos
9.  **G**  All Other Diversity Cases  (Please specify)

# ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,  Peter J. Neeson, Esquire , counsel of record do hereby certify:

**X**   Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

**G**   Relief other than monetary damages is sought.

DATE: _____   **Peter J. Neeson, Esquire**          27601
                                       **Attorney-at-Law**                    Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   27601
                                       **Attorney-at-Law**                    **Attorney I.D. #**

CIV. 609(9/99)

0668756.01

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

JAMES A. ROCKS, JR. and       :
JUDITH ROCKS, h/w           :
                           :
      v.              :
                           :     Civil Action No. 02-3449
HONEYWELL INTERNATIONAL, INC.  :
f/k/a ALLIED SIGNAL, INC., Successor  :
in interest to BENDIX CORPORATION,  :
et al.                    :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Manage Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

    (a)    Habeas Corpus -- Cases brought under 28 U.S.C.
           § 2441 through § 2255 (   )

    (b)    Social Security -- Cases requesting review of a
           decision of the Secretary of Health and Human
           Services denying plaintiff Social Security Benefits. (
           )

    (c)    Arbitration -- Cases required to be designated for
           arbitration under Local Civil Rule 8.   (   )

    (d)    Asbestos -- Cases involving claims for personal injury
           or property damage from exposure to asbestos.   (
           )

    (e)    Special Management -- Cases that do not fall into
           tracts (a) through (d) that are commonly referred to as
           complex and that need special or intense management
           by the court. (See reverse side of this form for a
           detailed explanation of special management cases)   (
           **X**  )

    (f)    Standard Management -- Cases that do not fall into
           any one of the other tracks.    (   )

_____
    (Date)

                         Attorney-at-law
                              Attorneys for Defendant
                              Honeywell     International,
                              Inc., f/k/a Allied Signal as
                              successor in interest to Bendix
                              Corporation

0668756.01

RAWLE & HENDERSON LLP
BY:    PETER J. NEESON, ESQUIRE    ATTORNEYS FOR DEFENDANT,
         STEWART R. SINGER, ESQUIRE              HONEYWELL
INTERNATIONAL,
         JOHN C. McMEEKIN II, ESQUIRE          INC., F/K/A ALLIED SIGNAL,
INC.,
ATTORNEY I.D. NO.  27601/62006/81250    SUCCESSOR-IN-INTEREST TO
THE WIDENER BUILDING                        BENDIX CORPORATION
ONE SOUTH PENN SQUARE
PHILADELPHIA, PA  19107
(215) 575-4200
R&H File No.: 516,203 (Angelos)


UNITED STATES DISTRICT COURT
[EASTERN DISTRICT]


| | | |
|---|---|---|
| JAMES A. ROCKS, JR. and | : | |
| JUDITH ROCKS, h/w | : | |
| | : | |
|     v. | : | |
| | : | |
| HONEYWELL INTERNATIONAL, INC. | : | Civil Action No. 02-3449 |
| f/k/a ALLIED SIGNAL, INC., Successor | : | |
| in interest to BENDIX CORPORATION | : | |

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027

TO:    ALL PARTIES ON ANNEXED SERVICE LIST

        Honeywell International, Inc., f/k/a Allied Signal, Inc., ("Honeywell"), as successor in

interest to the Bendix Corporation ("Bendix"), by and through its undersigned counsel, Rawle &

Henderson LLP, hereby gives notice of the removal to the United States District Court for the

Eastern District of Pennsylvania of the claims that have been asserted against Honeywell in the

action captioned James A. Rocks, Jr. and Judith Rocks, h/w v. ACandS, Inc., et al, now pending

in the Common Pleas Court of the State of Pennsylvania, County of Philadelphia, with April

2002 Court Term and Number 003010.  This Notice of Removal is filed pursuant to 28 U.S.C. §

1452(a) and Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure, and as grounds for

such removal Honeywell respectfully states as follows:

0668756.01

1.      On October 1, 2001 (the "Petition Date"), Federal-Mogul Global, Inc. (collectively "Federal-Mogul") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, commencing bankruptcy case number 01-10578.

2.      The above referenced state action, which is "related to" the removed claims, was commenced on April 19, 2002, by the filing of a Summons & Complaint in the Court of Common Pleas of Philadelphia County.

3.      The removed claims are for personal injury or wrongful death asserted against Honeywell.  Honeywell, formerly known as Allied Signal Inc., is the successor in interest to Allied Corporation which, in turn, was the successor in interest to The Bendix Corporation.  The Automotive Sector of Allied Signal Inc. was the business unit within Allied Signal Inc. which continued the "Bendix" line of automotive friction products.

4.      Federal-Mogul, or companies acquired by Federal Mogul Global, Inc., are named as co-defendants of Honeywell in this action.

5.      The plaintiff(s) in the above referenced action have asserted that joint and several liability arises as to each named co-defendant in this action.

6.      As a result, in the above referenced action Honeywell has either affirmatively asserted a cross-claim for indemnification and/or contribution against Federal-Mogul, or such a cross-claim against Federal-Mogul arises automatically by operation of law.

7.      Conversely, Federal-Mogul has also either affirmatively asserted a cross-claim for indemnification and/or contribution against Honeywell, or such a cross-claim against Honeywell arises automatically by operation of law.

8.      The above referenced claims for personal injury asserted against Honeywell, as well as the cross-claims asserted by Honeywell and the corresponding cross-claims asserted by Federal-Mogul, may be removed to this Court pursuant to 28 U.S.C. § 1452(a).  Removal of these claims is proper because the removed claims are: asserted in a civil action; not exempt from removal; and this Court has subject matter jurisdiction over the removed claims pursuant to

0668756.01

28 U.S.C. §1334 due to the fact that these cross-claims asserted by and against Honeywell are "related to" Federal-Mogul's bankruptcy proceeding. See In re Dow Corning Corp., 86 F.3d 482, 494 (6th Cir. 1996) (holding that Section 1334(b) "related to" subject matter jurisdiction exists over actions for indemnification and contribution claims asserted by non-debtor co-defendants against the debtor).

9.      Removal to this Court is timely pursuant to Rule 9027 (a)(3) of the Federal Rules of Bankruptcy Procedure in that the claims in the civil action are "related to" the October 1, 2001,  Federal-Mogul bankruptcy case, and this Notice has been filed within thirty days after: (1) receipt of the initial pleading setting forth the claim or cause of action sought to be removed, or (2) receipt of the summons, if the initial pleading has been filed with the court but not served with the summons.

10.      Consent of the other named co-defendants is not necessary for removal pursuant to 28 U.S.C. § 1452. See Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985). Further, a cost bond is not required to accomplish this removal.

11.      Upon removal, the proceedings with respect to the removed claims are non-core. Honeywell does not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

12.      On December 17, 2001, Honeywell filed a Motion to Transfer, pursuant to 28 U.S.C. § 157 (b)(5) (the "Transfer Motion"), with the United States District Court for the District of Delaware asking that Court to issue a provisional order to transfer the above referenced removed claims for a consolidated resolution of the threshold scientific question, by means of a Daubert hearing, whether the plaintiffs in the underlying actions can establish that automotive friction products containing encapsulated asbestos fibers can be the proximate cause of certain asbestos-related medical disorders.  See 28 U.S.C. § 157(b)(5) (1994); Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); In re Dow Corning Corp., 86 F.3d at 496-97 (holding that 28 U.S.C. § 157(b)(5) vests the power to fix venue over personal injury or wrongful

death actions pending against non-debtor co-defendants which are "related to" a debtor's bankruptcy proceeding, pursuant to 28 U.S.C. § 1334(b), with the district court where the bankruptcy case resides).  See Exhibit "A."

13.    On December 19, 2001 the Honorable Alfred M. Wolin of the United States District Court for the District of Delaware issued an Order in favor of Honeywell that: (1) partially withdrew the reference; and (2) provisionally transferred the Friction Product claims to the United States District Court for the District of Delaware, (the "Provisional Order"), subject to further Orders of that Court.  See Exhibit "B."

14.    On January 4, 2002 the Honorable Alfred M. Wolin of the United States Bankruptcy Court for the District of Delaware issued an Order (the "Clarification Order"), that clarified the Provisional Order by extending the provisional transfer of Friction Product claims to include claims that would have been subject to the Provisional Order, but had not yet been removed on the date of the Provisional Order.  See Exhibit "C."

15.    On February 8, 2002 the Honorable Alfred M. Wolin of the United States Bankruptcy Court for the District of Delaware issued an Order (the "Remand Order"), granting plaintiffs' Motion for Remand.  See Exhibit "D."

16.    On February 11, 2002 the Honorable Anthony J. Scirica of the United States Court of Appeals for the Third Circuit  issued an Order temporarily granting an Emergency Motion for Stay (the "Stay Order"), pending appeal of the Remand Order by appellants.  See Exhibit "E."

17.    On March 19, 2002, the Honorable Anthony J. Scirica of the United States District Court of Appeals for the Third Circuit issued an Order  (the "Stay Clarification Order"), that clarified that the Stay Order issued on February 11, 2002 applies to all appellants and to all removed claims before the Delaware District Court.  See Exhibit "F."

18.    On March 25, 2002, Chief Judge Becker of the Third Circuit Court of Appeals issued an order establishing a briefing schedule and set June 17, 2002, as the date to hear oral argument on the appeal (the "Scheduling Order").  See Exhibit "G."

19.    A copy of the Scheduling Order also provides that "[t]he temporary stay entered by this Court on February 11, 2002, as clarified by the Order of March 19, 2002, will remain in effect until further order of the merits panel."  <u>See</u> Exhibit "G."

20.    Honeywell respectfully submits that the effect of the stay pending appeal is to leave in place the previous transfer orders issued by the Delaware District Court.  Because the Remand Order has been stayed, the Delaware District Court's provisional transfer order is still the operative order, and all claims removed by Honeywell continue to be provisionally transferred automatically to Delaware.

21.    Accordingly, pursuant to Judge Weiner's Order dated April 12, 2002 (the "Abstention/Remand Order") "all pending motions for abstention and remand are denied without prejudice . . . [t]he cases are administratively dismissed, subject to reinstatement following the determination of the bankruptcy issyes by Judge Wolin and any subsequent appeals thereto." <u>See</u> Exhibit "H."

22.    A copy of this Notice of Removal and related documents have been served by regular mail on counsel of record for all represented parties and upon all unrepresented parties to the action pending in state court.

Respectfully submitted,
**RAWLE & HENDERSON** LLP


By: ___
Peter J. Neeson, Esquire
Stewart R. Singer, Esquire
John C. McMeekin II, Esquire

Honeywell International, Inc., f/k/a Allied
Signal as successor in interest to
Bendix Corporation

Dated:

## CERTIFICATION OF STATE COURT
## <u>RECORDS, PLEADINGS AND PROCEEDINGS</u>

I, Peter J. Neeson, Esquire; Stewart R. Singer, Esquire; John C. McMeekin, Esquire; of full age, certify that on this day, we attached to the Notice of Removal as Exhibit "I", a copy of all of the appropriate records, pleadings and proceedings in the State Court as requested by this Court.                                                Respectfully submitted,

**RAWLE & HENDERSON** LLP

By:____
        Peter J. Neeson, Esquire
        Stewart R. Singer, Esquire
        John C. McMeekin II, Esquire
        Honeywell International, Inc., f/k/a Allied
            Signal as successor in interest to
            Bendix Corporation

Dated:

0668756.01

## CERTIFICATION OF SERVICE

I, Peter J.   Neeson, Esquire/Stewart R. Singer, Esquire/John C. McMeekin II, Esquire, of full age, hereby certify that on  this day, I caused a true and correct copy of Defendant's Notice to Remove Pursuant to 28 U.S.C. 1452 of the United States Code and Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure to be served on all counsel listed below as follows.

**VIA HAND DELIVERY**

Marla A. Macey, Esquire
LAW OFFICES OF PETER G. ANGELOS, P.C.
The Wanamaker Building
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, PA 19107
**Attorney for Plaintiffs**

Robert W. Rowan, Esquire
Gollatz, Griffin & Ewing, P.C.
Two Penn Center, 16th Floor
15th and JFK Boulevard
Philadelphia, PA 19102
**Attorney for ACandS, Inc.**

Steven B. Kantrowitz, Esquire
Kantrowitz & Phillippi, LLC
1500 Centre Square West
1500 Market Street
Philadelphia, PA 19102
**Attorney for Abex Corporation**

Edward J. Wilbraham, Esquire
Wilbraham, Lawler & Buba
Suite 3100, 1818 Market Street
Philadelphia, PA 19103
**Attorney for Amchem Products, Inc.**

Daniel J. Ryan, Jr., Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut St.
Philadelphia, PA  19103
**Attorney for American Standard, Inc.**

Timothy B. Barnard, Esquire

0668756.01

Barnard, Mezzanotte & Pinnie
Williamson House
218 W. Front Street
P.O. Box 289
Media, PA  19063-0289
**Attorney for Borg Warner Corporation**

Joel D. Gusky, Esquire
Harvey, Pennington, Herting & Renneisen, Ltd.
1835 Market Street, 29th Floor
11 Penn Center Plaza
Philadelphia, PA 19103
**Attorney for B.F. Goodrich**

Norman L. Haase, Esquire
Swartz, Campbell & Detweiler
115 North Jackson Street
Media, PA  19063
**Attorney for Brand Insulations, Inc., Cleaver-Brooks, Inc. and H.B. Smith Company, Inc.**

Alan Klein, Esquire
Hangley, Aronchick, Segal & Pudlin
One Logan Square
Philadelphia, PA 19103
**Attorney for Clayton, Dubilier & Rice**

Christine O. Boyd, Esquire
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street, 12th Floor
Philadelphia, PA 19106
**Attorney for Daimler Chrysler Corporation and General Motors Corporation**

Mark Lipowicz, Esquire
Duane Morris LLP
4200 One Liberty Place
Philadelphia, PA  19103
**Attorney for Ford Motor Company**

Tracey M. McDevitt, Esquire
Reilly, Janiczek & McDevitt, P.C.
The Widener Building, Suite 520
One South Penn Square
Philadelphia, PA 19107
**Attorney for Foster-Wheeler Corporation**

Eric J. Kadish, Esquire
McCarter & English

0668756.01

Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
**Attorney for Owens-Illinois, Inc.**

C. James Zeszutek, Esquire
Thorp, Reed & Armstrong
One Oxford Centre, 14th Floor
301 Grant Street
Pittsburgh, PA 15219-1425
**Attorney for Pfizer, Inc.**

Richard C. Polley, Esquire
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
**Attorney for Rapid American**

Bruce S. Haines, Esquire
Hangley, Aronchick, Segal & Pudlin
One Logan Square
Philadelphia, PA  19103
**Attorney for Uniroyal, Inc.**

John McShea, Esquire
McShea Tecce
1735 Market Street
26th Floor
Philadelphia, PA 19103
**Attorney for Viacom, Inc.**

Joseph Cagnoli, Jr., Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103-4797
**Attorney for Weil-McLain**

**No Counsel Listed for:**

**Four Star Oil & Gas Co.**
**Texaco, Inc.**
**TRMI Holdings, Inc.**

**RAWLE & HENDERSON** LLP

By:\_\_\_

    Peter J. Neeson, Esquire

    Stewart R. Singer, Esquire

    John C. McMeekin II, Esquire

    Honeywell International, Inc., f/k/a Allied
        Signal as successor in interest to
        Bendix Corporation

Dated:

0668756.01